## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

   Plaintiff,

vs.               No. CR 11-0948 JB

ERASMO RODRIGUEZ-ARANDA,

   Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum in Support of a Sentence that is Sufficient But Not Greater Than Necessary, filed July 9, 2011 (Doc. 18)("Sentencing Memorandum"). The Court held a sentencing hearing on July 29, 2011. The primary issues are whether Defendant Erasmo Rodriguez-Aranda should receive: (i) a downward departure on his offense level under U.S.S.G. § 2L1.2 application note 7 and U.S.S.G. § 5K2.0; and (ii) a downward variance from his guideline sentence. Because the Court concludes that Rodriguez-Aranda's offense level substantially overstates the seriousness of his prior human trafficking conviction, the Court will depart downward on his offense level 4 levels. The Court will downwardly vary on Rodriguez-Aranda's sentence to a sentence of 18-months imprisonment.

## PROCEDURAL BACKGROUND

Rodriguez-Aranda, pursuant to the Non-Standard Fast Track Plea Agreement, filed April 18, 2011 (Doc. 14)("Plea Agreement"), pled guilty to the Information, filed April 18, 2011 (Doc. 10), charging him with a violation of 8 U.S.C. § 1326 (a) and (b), that being re-entry of a removed alien. The parties agreed to a 2-level base offense level reduction pursuant to U.S.S.G. § 3E1.1(a) for

acceptance of responsibility and, to the extent applicable, a 1-level base offense level reduction pursuant to U.S.S.G. § 3E1.1(b).  See Plea Agreement ¶ 6, at 2.  The parties agreed, pursuant to the United States Attorney's Office fast-track plea agreement program and U.S.S.G. § 5K3.1, to a 1-level base offense level reduction; in exchange, Rodriguez-Aranda agreed to waive his appellate rights.  See Plea Agreement ¶ 6, at 2.  The parties reserved the right to "assert any position or argument with respect to the sentence to be imposed" other than with respect to the stipulations contained in the Plea Agreement.  Plea Agreement ¶ 8, at 3-4.

On June 1, 2011, the United States Probation Office ("USPO") disclosed the Presentence Investigation Report ("PSR").  The PSR calculated Rodriguez-Aranda's base offense level at 8 under U.S.S.G. § 2L1.2(a).  The PSR applied a 16-level upward adjustment under U.S.S.G. § 2L1.2(b)(1)(A) because Rodriguez-Aranda was previously deported after a conviction for a felony that was an alien smuggling offense.  See PSR ¶ 12, at 3.  The PSR calculated Rodriguez-Aranda's adjusted offense level as 24, and his total offense level as 21 after a 3-level reduction for acceptance of responsibility.  See PSR ¶¶ 16, 18, at 4.  Based on the Plea Agreement, the PSR further reduced the total offense level to 20.  See PSR ¶ 19, at 4.  The PSR calculated Rodriguez-Aranda's criminal history category as I based on 0 criminal history points.  See PSR ¶ 22, at 5.  The PSR calculated that an offense level of 20 and a criminal history category of I establishes a guideline sentencing range of 33 to 41 months.  See PSR ¶ 36, at 8.  The PSR stated that a downward departure may be warranted under U.S.S.G. § 2L1.2 application note 7.  See PSR ¶ 38, at 8.  The PSR stated that, because the offense resulting in the 16-level enhancement is almost fifteen years old and did not receive any criminal history points, Rodriguez-Aranda's "applicable offense level appears to overstate the seriousness of his prior conviction and a downward departure is therefore recommended."  PSR ¶ 38, at 9.

On July 9, 2011, Rodriguez-Aranda filed his Sentencing Memorandum. Rodriguez-Aranda did not object to the PSR's sentencing guideline calculation. <u>See</u> Sentencing Memorandum at 2. He argues that the Court should adopt the PSR's recommendation that he receive a downward departure under U.S.S.G. § 2L1.2. <u>See</u> Sentencing Memorandum at 2-3. Rodriguez-Aranda contends that the USPO correctly determined that his offense level overstates the seriousness of his prior conviction. <u>See</u> Sentencing Memorandum at 2-3. Rodriguez-Aranda explains that, when he was arrested for this prior conviction of alien smuggling, he was stranded in Phoenix, Arizona with his family and had to do this work to pay off a debt he owed to the person who transported Rodriguez-Aranda and his family across the border. <u>See</u> Sentencing Memorandum at 2-3. He notes that, when he was arrested for this offense, he was driving to the gas station to get gas, and there were four other people in the car who were undocumented. <u>See</u> Sentencing Memorandum at 4. Rodriguez-Aranda contends that the age of this conviction also makes it inappropriate to sentence him within such a high guideline range. <u>See</u> Sentencing Memorandum at 7. He asserts that an offense level of 9 would most appropriately reflect his circumstances, which would yield a guideline range of 4 to 10 months imprisonment. <u>See</u> Sentencing Memorandum at 7. Alternatively, he argues that a sentence of no more than 12 to 18 months would be appropriate given the nature of his prior conviction. <u>See</u> Sentencing Memorandum at 7.

On July 20, 2011, the United States filed its Response to Rodriguez-Aranda's Sentencing Memorandum. <u>See</u> United States' Response to Defendant's Sentencing Memorandum (Doc. 19)("Response"). The United States notes that Rodriguez-Aranda provides no explanation for why four other people were in the vehicle with him when he was arrested if he was just going to get gas. <u>See</u> Response at 2. The United States argues that Congress intended "a more severe punishment for alien smuggling than for other felonies not classified as aggravated felonies." Response at 2. The

United States argues that a sentence within the guideline range is the best way to avoid unwarranted sentencing disparities between similarly situated defendants.  See Response at 5.

At the July 29, 2011 hearing, the Court accepted the parties' agreement to a 1-level downward departure pursuant to U.S.S.G. § 5K3.1 and the Plea Agreement.  See Transcript of Hearing at 8:6-25 (taken July 29, 2011)(Court, Stanford, McCray)("Tr.").[1]  Rodriguez-Aranda noted that he would receive a different guideline sentence under the proposed amendments to the guidelines.  See Tr. at 3:6-11.  He stated that, under these amendments, his conviction for an alien smuggling offense is so old that it would not result in any criminal history points, which would prevent it from triggering the 16-level enhancement.  See Tr. at 3:6-11 (McCray).  He noted that he would likely qualify for an 8-level enhancement rather than a 16-level enhancements under these amendments.  See Tr. at 3:13-16 (McCray).  Rodriguez-Aranda noted that the USPO took this upcoming amendment into account when it recommended a departure.  See Tr. at 3:17-23 (McCray). He requested that the Court take this upcoming amendment into account along with the other arguments raised in the Sentencing Memorandum.  See Tr. at 4:1-5 (McCray).  Alternatively, Rodriguez-Aranda requested a continuance until November to take advantage of the upcoming amendment.  See Tr. at 4:4-8 (McCray).  He requested a reduction of 8 levels on his offense level. See Tr. at 4:8-23 (McCray, Court).  The United States responded that it thought the upcoming amendments would reduce the 16-level enhancement to a 12-level enhancement.  See Tr. at 6:16-19 (Stanford).  The United States noted that it was not opposed to a departure that would reflect the proposed amendments.  See Tr. at 6:21-7:4 (Stanford).  The Court stated that it was inclined to grant a downward departure under U.S.S.G. § 5K2.0 and then under application note 7 to U.S.S.G.

---

[1]The Court's citations to the transcript of the hearing refers to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

§ 2L1.2.  <u>See</u> Tr. at 7:13-19 (Court).  Rodriguez-Aranda agreed that the Court's proposal was fair.

<u>See</u> Tr. at 7:20 (McCray).  The Court granted the request for a downward departure of four levels.

<u>See</u> Tr. at 8:4-5 (Court).  Rodriguez-Aranda also asked the Court for a downward variance in

addition to the downward departure.  <u>See</u> Tr. at 9:8-25 (Court, McCray).

## LAW REGARDING U.S.S.G. § 2L1.2

When a person unlawfully enters or remains in the United States, U.S.S.G. § 2L1.2(a)

provides for a base offense level of 8.  <u>See</u> U.S.S.G. § 2L1.2(a).  U.S.S.G. 2L1.2(b)(1)(A) provides:

"If the defendant previously was deported, or unlawfully remained in the United States, after -- a

conviction for a felony that is . . . a human trafficking offense . . . , increase by 16."[2]  U.S.S.G.

§ 2L1.2(b)(1)(A).  U.S.S.G. § 2L1.2 application note 7 provides: "There may be cases in which the

applicable offense level substantially overstates or understates the seriousness of a prior conviction.

In such a case, a departure may be warranted."  U.S.S.G. § 2L1.2 cmt. n.7.  The Tenth Circuit has

explained that the age of a conviction which results in an enhancement under U.S.S.G. § 2L1.2(b)

may justify a variance.  <u>See</u> <u>United States v. Chavez-Suarez</u>, 597 F.3d 1137, 1138 (10th Cir. 2010).

Specifically, the Tenth Circuit noted:

> We agree with the Ninth Circuit that the staleness of an underlying conviction may,
> in certain instances, warrant a below-Guidelines sentence.  "The fact that Section
> 2L1.2(b) addresses the seriousness of the offense -- as opposed to the risk of
> recidivism -- explains the absence of time limitations on qualifying predicate

---

[2]The proposed amendments to this guideline that became effective after November 1, 2011
state:

> If the defendant previously was deported, or unlawfully remained in the United
> States, after -- a conviction for a felony that is . . . a human trafficking offense . . . ,
> increase by 16 levels if the conviction receives criminal history points under Chapter
> Four or by 12 levels if the conviction does not receive criminal history points.

U.S.S.G. § 2L1.2(b)(1)(A).

-5-

convictions.  It does not, however, [always] justify increasing a defendant's sentence by the same magnitude irrespective of the age of the prior conviction at the time of reentry."  While, as the government points out, we have previously upheld guidelines-range sentences where the underlying conviction occurred years in the past, we are persuaded that the staleness of a conviction may under certain circumstances warrant a variance below the guidelines.

United States v. Chavez-Suarez, 597 F.3d at 1138 (citations omitted).

<u>ANALYSIS</u>

Because Rodriguez-Aranda's offense level substantially overstates the seriousness of his prior conviction, the Court will grant a 4-level downward departure on his offense level under U.S.S.G. § 2L1.2 application note 7 and U.S.S.G. § 5K2.0.  Additionally, the Court will vary downward the equivalent of 1 offense level.  The Court will not vary downward beyond that amount.

**I.     THE COURT WILL GRANT A 4-LEVEL DOWNWARD DEPARTURE, BECAUSE RODRIGUEZ-ARANDA'S OFFENSE LEVEL SUBSTANTIALLY OVERSTATES THE SERIOUSNESS OF HIS PRIOR CONVICTION.**

Application note 7 to U.S.S.G. § 2L1.2 provides: "There may be cases in which the applicable offense level substantially overstates or understates the seriousness of a prior conviction. In such a case, a departure may be warranted."  U.S.S.G. § 2L1.2 cmt. n.7.  The facts of Rodriguez-Aranda's prior human trafficking offense, which occurred over fifteen years ago, are unique.  It appears he engaged in human trafficking, because he was stranded in Phoenix, Arizona and needed money to support his family.  When he was arrested for this offense, he was driving to the gas station to get gas, and there were four other people in the car who were undocumented.  While this conduct qualified as human trafficking as it resulted in a conviction, the circumstances of the conviction are such that the applicable offense level substantially overstates the seriousness of a prior conviction.  <u>See</u> U.S.S.G. § 2L1.2 cmt. n.7.  Rodriguez-Aranda's conviction appears to have resulted from some circumstances beyond his control, as his brother was to pick him up in Phoenix,

-6-

but never did.  His brother was to pay additional money to the person who brought Rodriguez-Aranda and his family across the border once the brother arrived in Phoenix.  Because Rodriguez-Aranda owed money to this person, it appears he engaged in this criminal conduct to earn some money to pay off the debt to this person.  Additionally, a 16-level enhancement is a significant enhancement from a base offense level of 8.

The Court also notes that, while the version of U.S.S.G. § 2L1.2(b)(1)(A) in effect at the time of Rodriguez-Aranda's sentencing on July 29, 2011 did not take into account the age of the predicate offense that resulted in the enhancement, the currently effective version of this guideline takes into account the age of the predicate offense.  Rodriguez-Aranda's offense would have resulted in a 12-level enhancement rather than a 16-level enhancement under the current guideline, as the USPO did not assign that offense any criminal history points.  Given that the applicable offense level overstates the seriousness of his prior conviction, a downward departure under U.S.S.G. § 2L1.2 application note 7 and U.S.S.G. § 5K2.0 is warranted.  See U.S.S.G. § 2L1.2 cmt. n.7.  Furthermore, given what the amendment to the guidelines does in this situation, the Court believes that a 4-level downward departure is more appropriate than an 8-level or greater downward departure.[3]  This prior conviction involved a human trafficking offense, which the guidelines designate as particularly serious by assigning a default 16-level enhancement.  Additionally, given how the amendments to U.S.S.G. § 2L1.2 indicate that a 4-level downward departure is appropriate when the predicate offense receives no criminal history points, a 4-level downward departure appears more appropriate than an 8-level or greater downward departure.  Hence, under the guidelines effective November 1, 2011,

---

[3]Given the different arguments in the Sentencing Memorandum for specific sentencing ranges and Rodriguez-Aranda's request for an 8-level downward departure at the hearing, it is not entirely clear what Rodriguez-Aranda's exact request for a downward departure is.  The Court assumes, however, that it is not giving Rodriguez-Aranda as low a sentence as he requests.

-7-

Rodriguez-Aranda's offense level of 16 and criminal history category of I produces a guideline range of 21 to 27 months.

## II.     THE COURT WILL VARY DOWNWARD BASED ON THE CIRCUMSTANCES OF RODRIGUEZ-ARANDA'S OFFENSE AND HIS LACK OF SIGNIFICANT CRIMINAL HISTORY.

The Court has carefully considered the parties' arguments and the circumstances of this case. The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Rodriguez-Aranda's offense. The Court concludes that a sentence of 18 months is sufficient to reflect the seriousness of Rodriguez-Aranda's offense. The circumstances of this case justify a variance of 1 level on Rodriguez-Aranda's offense level to an offense level of 15. Rodriguez-Aranda has put forth his reasons for coming to the United States, which are that he came here for work to support his family and because of his own poor and rough childhood in Mexico. Rodriguez-Aranda works to support his three children's education, and his oldest daughter has dropped out of school since Rodriguez-Aranda's arrest, because her mother cannot afford her education. Rodriguez-Aranda had to drop out of school in sixth grade, because his family had no money to pay for his education. His father was also aggressive and frequently punished him with a belt or a whip. Rodriguez-Aranda also urges the Court to consider his lack of criminal history. Rodriguez-Aranda's lack of criminal history is the most sound basis on which the Court should grant an additional downward variance of 1 offense level. While the Court took his lack of criminal history into account when granting a 4-level downward departure, it would have likely granted the departure regardless of additional criminal history. The Court based its departure primarily on Rodriguez-Aranda's offense level substantially overstating the seriousness of the prior conviction that resulted in the 16-level enhancement. The Court also notes that Rodriguez-Aranda has not

-8-

reentered the United States since he was last deported over ten years ago in 1996. He took his status as a deported alien seriously, and returned only in February 2011. See Plea Agreement ¶ 10, at 4.

The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. The Court believes that a sentence of 18 months is adequate to reflect Rodriguez-Aranda's criminal history and the seriousness of his crime. The Court believes that a variance that is approximately equivalent to a 1-level departure -- to an offense level of approximately 15 -- is appropriate in this case. While Rodriguez-Aranda has requested a variance to a range as low as 4 to 10 months, the Court believes that, given the 4-level departure, an additional variance beyond the equivalent of a 1-level departure on his offense level is not appropriate. While there are some mitigating circumstances relating to his prior human trafficking conviction and this offense, these circumstances are not so compelling to warrant a variance to the level Rodriguez-Aranda has requested. The Court believes some variance is appropriate to reflect the mitigating circumstances of the offense and the prior human trafficking conviction as well as the age of the human trafficking offense. The Court, however, is not convinced that it should vary much. The Court is reluctant to undercut the United States Sentencing Commission's judgment by varying more. For instance, his prior conviction involved a human trafficking offense, which the guidelines designate as particularly serious by assigning a default 16-level enhancement. An offense level of 15 combined with a criminal history category of I establishes a guideline imprisonment range of 18 to 24 months. This sentencing range adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see

United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence.  Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable.  And perhaps most important in this calculation, the Court believes that this sentence is sufficient, but not greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.).  The Court sentences Rodriguez-Aranda to 18-months imprisonment.

**IT IS ORDERED** that Defendant Erasmo Rodriguez-Aranda's requests in the Defendant's Sentencing Memorandum in Support of a Sentence that is Sufficient But Not Greater Than Necessary, filed July 9, 2011 (Doc. 18) that the Court downwardly depart on his offense level and vary from his guideline range are granted in part and denied in part.  The Court will depart downward on his offense level 4 levels.  The Court will downwardly vary on Rodriguez-Aranda's sentence to a sentence of 18-months imprisonment.  The Court grants Rodriguez-Aranda's request for a sentence that is sufficient but not greater than necessary, but denies Rodriguez-Aranda's request for a sentence of 4 to 10 months.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Kenneth J. Gonzales
  United States Attorney
Jon K. Stanford
   Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

     *Attorneys for the Plaintiff*

Jean A. McCray
Law Office of Jean A. McCray
Albuquerque, New Mexico

     *Attorney for the Defendant*