# UNITED STATES DISTRICT COURT
**District of New Mexico**

| UNITED STATES OF AMERICA | **Judgment in a Criminal Case** |
|---|---|
| V. | |
| **Erasmo Rodriguez-Aranda** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **2:11CR00948-001JB** |
| | USM Number: **60477-051** |
| | Defense Attorney: **Jean McCray, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Information**
☐ pleaded nolo contendere to count(s)   which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 8 U.S.C. Sec. 1326(a)/(b) | Re-entry of a Removed Alien | 02/25/2011 | |

The defendant is sentenced as provided in pages 2 through **7** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**July 29, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**November 23, 2011**
Date Signed

Defendant: **Erasmo Rodriguez-Aranda**
Case Number: **2:11CR00948-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **18 months**.

**The Court recommends that Immigration and Customs Enforcement begin removal proceedings during service of sentence.**

The Court incorporates by reference its Memorandum Opinion and Order, filed November 23, 2011 (Doc. 26)("MOO"). Defendant Erasmo Rodriguez-Aranda, pursuant to a Non-Standard Fast Track Plea Agreement, filed April 18, 2011 (Doc. 14)("Plea Agreement"), pled guilty to the Information, filed April 18, 2011 (Doc. 10), charging him with a violation of 8 U.S.C. § 1326 (a) and (b), that being re-entry of a removed alien. The parties agreed to a 2-level base offense level reduction pursuant to U.S.S.G. § 3E1.1(a) for acceptance of responsibility and, to the extent applicable, a 1-level base offense level reduction pursuant to U.S.S.G. § 3E1.1(b). See Plea Agreement ¶ 6, at 2. The parties agreed, pursuant to the United States Attorney`s Office fast-track plea agreement program and U.S.S.G. § 5K3.1, to a 1-level base offense level reduction; in exchange, Rodriguez-Aranda agreed to waive his appellate rights. See Plea Agreement ¶ 6, at 2. The parties reserved the right to "assert any position or argument with respect to the sentence to be imposed" other than with respect to the stipulations contained in the Plea Agreement. Plea Agreement ¶ 8, at 3-4.

On June 1, 2011, the United States Probation Office ("USPO") disclosed the Presentence Investigation Report ("PSR"). The PSR calculated Rodriguez-Aranda`s base offense level at 8 under U.S.S.G. § 2L1.2(a). The PSR applied a 16-level upward adjustment under U.S.S.G. § 2L1.2(b)(1)(A), because Rodriguez-Aranda was previously deported after a conviction for a felony that was an alien smuggling offense. See PSR ¶ 12, at 3. The PSR calculated Rodriguez-Aranda`s adjusted offense level as 24, and his total offense level as 21 after a 3-level reduction for acceptance of responsibility. See PSR ¶¶ 16, 18, at 4. Based on the Plea Agreement, the PSR further reduced the total offense level to 20. See PSR ¶ 19, at 4. The PSR calculated Rodriguez-Aranda`s criminal history category as I based on 0 criminal history points. See PSR ¶ 22, at 5. The PSR calculated that an offense level of 20 and a criminal history category of I establishes a guideline sentencing range of 33 to 41 months. See PSR ¶ 36, at 8. The PSR stated that a downward departure may be warranted under U.S.S.G. § 2L1.2 application note 7. See PSR ¶ 38, at 8. U.S.S.G. § 2L1.2 application note 7 provides: "There may be cases in which the applicable offense level substantially overstates or understates the seriousness of a prior conviction. In such a case, a departure may be warranted." U.S.S.G. § 2L1.2 cmt. n.7. The PSR stated that, because the offense resulting in the 16-level enhancement is almost fifteen years old and did not receive any criminal history points, Rodriguez-Aranda`s "applicable offense level appears to overstate the seriousness of his prior conviction and a downward departure is therefore recommended." PSR ¶ 38, at 9.

Rodriguez-Aranda moves the Court for a sentence in the range of 4 to 8 months. At the sentencing hearing, Plaintiff United States of America said that it did not oppose a sentence within a guideline range of 21 to 27 months, which would reflect a 4-level departure under U.S.S.G. § 2L1.2 application note 7. Before any downward departure, the offense level is 21 and the criminal history category is I, establishing a guideline imprisonment range of 37 to 46 months. Pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and U.S.S.G. § 5K3.1 of the sentencing guidelines, the Court accepts the plea agreement, which stipulates to an offense level of 20. The Court is satisfied that the agreed-on offense level departs for justifiable reasons. The Plea Agreement is pursuant to a nonstandard fast-track plea agreement. In section 401(m)(2)(B) of the PROTECT Act of 2003, Pub. L. No. 109-21, § 401(m)(2)(B), 117 Stat. 650, 675, Congress approved early disposition or fast-track programs if certain conditions are met. The Court believes that these conditions are met in this case, and this departure is in the lower part of the range of departures that Congress allowed. The Court`s sentence will be consistent with the Plea Agreement. In its MOO, the Court granted a 4-level downward departure under U.S.S.G. § 2L1.2 application note 7 and U.S.S.G. § 5K2.0. See MOO at 1. Other than on the issue of a departure under U.S.S.G. § 2L1.2 application note 7 and U.S.S.G. § 5K2.0, the Court adopts the sentencing calculations in the PSR as its own. An offense level of 16 combined with a criminal history category of I establishes a guideline imprisonment range of 21 to 27 months.

The Court notes that Rodriguez-Aranda illegally re-entered the United States subsequent to receiving a felony conviction for transporting illegal aliens. The Court has carefully considered the parties` arguments and the circumstances of this case. The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Rodriguez-Aranda`s offense. The Court concludes that a sentence of 18 months is sufficient to reflect the seriousness of Rodriguez-Aranda`s offense. The circumstances of this case justify a variance of 1 level on Rodriguez-Aranda`s offense level to an offense level of 15. Rodriguez-Aranda has put

forth his reasons for coming to the United States, which are that he came here for work to support his family and because of his own poor and rough childhood in Mexico. Rodriguez-Aranda works to support his three children`s education, and his oldest daughter has dropped out of school since Rodriguez-Aranda`s arrest, because her mother cannot afford her education. Rodriguez-Aranda had to drop out of school in sixth grade, because his family had no money to pay for his education. His father was also aggressive and frequently punished him with a belt or a whip. Rodriguez-Aranda also urges the Court to consider his lack of criminal history. Rodriguez-Aranda`s lack of criminal history is the most sound basis on which the Court should grant an additional downward variance of 1 offense level. While the Court took his lack of criminal history into account when granting a 4-level downward departure, it would have likely granted the departure regardless of additional criminal history. As discussed in its MOO, Rodriguez-Aranda`s offense level substantially overstated the seriousness of the prior conviction that resulted in the 16-level enhancement. The Court also notes that Rodriguez-Aranda has not reentered the United States since he was last deported over ten years ago in 1996. He took his status as a deported alien seriously, and returned only in February 2011. See Plea Agreement ¶ 10, at 4.

The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. The Court believes that a sentence of 18 months is adequate to reflect Rodriguez-Aranda`s criminal history and the seriousness of his crime. The Court believes that a variance that is approximately equivalent to a 1-level departure -- to an offense level of approximately 15 -- is appropriate in this case. While Rodriguez-Aranda has requested a variance to a range as low as 4 to 10 months, the Court believes that, given the 4-level departure, an additional variance beyond the equivalent of a 1-level departure on his offense level is not appropriate. While there are some mitigating circumstances relating to his prior human trafficking conviction and this offense, these circumstances are not so compelling to warrant a variance to the level Rodriguez-Aranda has requested. The Court believes some variance is appropriate to reflect the mitigating circumstances of the offense and the prior human trafficking conviction as well as the age of the human trafficking offense. The Court, however, is not convinced that it should vary much. The Court is reluctant to undercut the United States Sentencing Commission`s judgment by varying more. For instance, his prior conviction involved a human trafficking offense, which the guidelines designate as particularly serious by assigning a default 16-level enhancement. An offense level of 15 combined with a criminal history category of I establishes a guideline imprisonment range of 18 to 24 months. This sentencing range adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient, but not greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Rodriguez-Aranda to 18-months imprisonment.

☐     The court makes the following recommendations to the Bureau of Prisons:


☒     The defendant is remanded to the custody of the United States Marshal.
☐     The defendant shall surrender to the United States Marshal for this district:
        ☐     at   on
        ☐     as notified by the United States Marshal.
☐     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
        ☐     before 2 p.m. on
        ☐     as notified by the United States Marshal
        ☐     as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____

DEPUTY UNITED STATES MARSHAL

Defendant: **Erasmo Rodriguez-Aranda**
Case Number: **2:11CR00948-001JB**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **2 years unsupervised**.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **Erasmo Rodriguez-Aranda**
Case Number: **2:11CR00948-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must not reenter the United States without legal authorization.**

**As to Standard condition No. 5, it shall be revised as follows: The Defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program as approved by the probation officer, throughout the term of supervised release.**

**As to Standard condition No. 13, it shall not apply to employers: as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant`s criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant`s compliance with such notification requirements.**

Defendant: **Erasmo Rodriguez-Aranda**
Case Number: **2:11CR00948-001JB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.
☐ The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | $100.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.
Payment of the total fine and other criminal monetary penalties shall be due as follows:
The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A ☒ In full immediately; or
B ☐ $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.